[Civ. No. 4879.   Third Appellate District.—June 20, 1933.]

HARRIET L. SMITH et al., Appellants, v. PACIFIC GAS AND ELECTRIC COMPANY (a Corporation), Respondent.

W. E. Davies for Appellants.

Thomas J. Straub, Clinton F. Stanley and W. R. Dunn for Respondent.

THE COURT.—This action was begun on or about the first day of October, 1930, to recover of and from the defendant damages, and also for injunctive relief by reason of the following alleged facts:

That the defendant, on or about the eighth day of September, 1930, wrongfully and unlawfully, and without right or title or permission or consent of the plaintiffs, entered upon certain lands and premises belonging to the plaintiffs, dug ten holes and erected ten poles thereon, and strung, built and erected wires and power lines thereon for the purpose of transmitting power.

The defendant, denying the allegations of the complaint as to the amount of damages inflicted upon the lands and premises belonging to the plaintiffs, filed a cross-complaint in the nature of an action in eminent domain to condemn a right of way across the lands belonging to the plaintiffs, for the purpose of maintaining its power lines and poles for the transmission of electric energy, setting forth, among other things, that the defendant is a public service corporation, and maintaining said line for and as a public use.

The court found in accordance with the allegations of the cross-complaint filed by the defendant, that the defendant had a right to condemn a right of way over the lands and premises belonging to the plaintiffs for the purpose of maintaining its poles and electric power lines; that the same was intended for, and was being devoted to a public use, and awarded damages to the plaintiffs in the sum of $100 and costs in the action.

A review of the testimony shows that there was some conflict as to the amount of damages that should be awarded. However, the findings of the court in this particular appear to be supported by a preponderance of the testimony.

Appellants' argument apparently is based on section 14 of article I of the Constitution, which provides that property shall not be taken for public use without just compensation having been first made to, or paid into court for the benefit of the owner, etc. The record shows, however, that this action was not begun until after the poles had been erected, the power lines strung, and use being made thereof in a public capacity. Under such circumstances the law is well established that the remedy of the owner is one for

damages, and that injunctive relief will not be awarded. In support of this we need only cite 10 California Jurisprudence, page 450, section 136, and the case of *Conaway* v. *Yolo Water & Power Co.,* 204 Cal. 125 [266 Pac. 944, 58 A. L. R. 674], where the authorities on this subject are fully set forth.

■ Being an action in the nature of eminent domain, the appellants are entitled to their costs on appeal.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 20, 1933, and an application by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 17, 1933.